GONZÁLEZ, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Caguas, denegando la inscripción de un expediente posesorio.

No. 322.—Resuelto en julio 6, 1917.

EXPEDIENTE POSESORIO—ESTADO CIVIL DEL PROMOVENTE.—Cuando consta que el promovente de una información posesoria era viudo en el momento de iniciar la misma, pero no en el de la adquisición del derecho, no puede verificarse la inscripción a su favor, ya que pudo ser casado al adquirir el derecho y entonces podría tratarse de un bien ganancial y no de un bien privativo.

ID.—PRESENTACIÓN EN EL REGISTRO DEL EXPEDIENTE ORIGINAL—RESOLUCIONES ORIGINALES—CERTIFICACIÓN DE LAS MISMAS.—Para cumplir con el artículo 392, párrafo 2 de la Ley Hipotecaria que exige que para solicitar la inscripción de un expediente posesorio se presente este original en el registro, no es necesario que las resoluciones de la corte consten originales en el expediente

presentado, siendo suficiente que aparezcan en él copias certificadas de ellas, si dichas resoluciones se registraron originalmente en los libros oficiales de la corte.

Id.—Posesión sin Perjuicio de Tercero de Mejor Derecho.—Aunque la buena práctica es consignarlo, sin embargo la omisión por parte del juez de expresar en su resolución final en un expediente posesorio que declara justificada la posesión "sin perjuicio de tercero de mejor derecho," no constituye defecto alguno, dentro de las prescripciones de la Ley Hipotecaria, ya que aunque así no se exprese la posesión se entiende siempre acreditada con esa limitación impuesta por la misma ley.

Id.—Apreciación de la Prueba por el Juez—Deber del Registrador.—Cuando los testigos declaran bajo juramento que son propietarios y vecinos del lugar en que radica la finca y el juez estima suficientemente comprobados tales extremos de tal modo, el registrador debe estar y pasar por la apreciación del juez.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. V. Polanco de Jesús.*

El registrador recurrido, Sr. Francisco Socorro, no compareció.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

En la Corte Municipal de Barros se tramitó un expediente para acreditar la posesión de ocho cuerdas de terreno. En el escrito inicial la promovente dijo: "comparece ahora Simona González Pagán, conocida también por Susana, mayor de edad, viuda, de ocupación doméstica, _____" y luego: "cuya finca hubo por compra a don Pedro Dolores Arroyo, hace más de un año_____" En ninguna parte del escrito inicial, ni del expediente, consta el estado de la compradora al hacer la adquisición. Tanto la orden mandando tramitar el expediente como la resolución final del mismo, no se incluyeron originales en él. Constan por medio de copias certificadas por el secretario. Ambas certificaciones son iguales. Copiaremos por tanto solamente una, la que aparece al pie de la resolución final. Dice así: "Certifico: que lo que antecede es copia fiel y exacta del original de su contenido que se halla en el libro de sentencias civiles de esta corte, y para unir a los autos, libro la presente en Barros a 25 de abril de 1917. Pablo Berríos. Secretario Corte Municipal."

El expediente en esas condiciones se presentó en el Registro de la Propiedad de Caguas, y el registrador se negó a inscribirlo por medio de la siguiente nota:

"DENEGADA la inscripción del precedente documento por no expresarse el estado civil que tenía la promovente cuando compró la finca, cuya posesión justifica hallándose en estado de viudedad, y por no resultar que, tanto la orden admitiendo la información, como la resolución aprobándola, son copias de sus respectivos originales, y que las diligencias originales que debieron ser entregadas a la interesada, son las que han debido presentarse en esta oficina, según lo exige el artículo 392 de la Ley Hipotecaria; habiéndose tomado en su lugar anotación preventiva por término de 120 días, al folio 100 del tomo 24, de Barros finca número 1409, anotación A, en la que se consignaron, además, los defectos subsanables de que en la resolución final se ordena la inscripción de esta finca, sin determinarse, como lo previene el mencionado artículo 392, que se practique sin perjuicio de tercero y de no haberse justificado por los testigos Bartolo Vargas y Juan Francisco Fontanez, su cualidad de vecinos propietarios de Barros, en la forma que exige la regla 2ª. del artículo 391 de la expresada Ley Hipotecaria."

Contra la nota que antecede, se ha interpuesto el presente recurso gubernativo.

1. El primer defecto existe. Consta que la promovente era viuda en el momento de iniciar la información posesoria, pero no en el de la adquisición del derecho cuya inscripción pretende. Pudo ser casada en ese último momento y entonces podría tratarse de un bien ganancial y no de un bien privativo. Esta cuestión ha sido ya resuelta por esta Corte Suprema en los casos de *Ramos* v. *El Registrador*, 18 D. P. R. 16, y *Delgado* v. *El Registrador* (pág. 486).

2. El segundo defecto no existe. El artículo 392, párrafo 2, exige que se presente el expediente original en el registro. Para cumplir tal precepto no es necesario a nuestro juicio que las resoluciones de la corte consten originales en él, siendo suficiente que a él se lleven copias certificadas de ellas, si como en este caso dichas resoluciones se registraron originalmente en los libros oficiales de la corte. Un expediente

que contiene como el que estamos examinando, la petición ini-
cial, acompañada de la certificación relativa al pago de las
contribuciones, copia certificada de la orden mandando tra-
mitarlo, la citación de los colindantes diligenciada, las decla-
raciones de los testigos, el dictamen del fiscal y copia certifi-
cada de la resolución final de la corte, y que así se presente en
.el registro, es suficiente.

3. La omisión por parte del juez de expresar en su reso-
lución final que declaraba justificada la posesión ''sin perjui-
cio de tercero de mejor derecho,'' estima el tribunal que no
constituye defecto alguno.   Desde luego que es mejor prác-
tica seguir las exactas palabras de la ley; pero aunque el juez
no lo exprese, el derecho posesorio se entenderá siempre acre-
ditado ''sin perjuicio de tercero de mejor derecho,'' por ser
ésa una limitación impuesta por la misma ley.   Artículo 392,
párrafo 1°., de la Ley Hipotecaria.

4. No se ha cometido tampoco el segundo de los defectos
subsanables.   Los testigos declararon bajo juramento que
eran propietarios y vecinos de Barros; el juez estimó suficien-
temente comprobados tales extremos de tal modo, y el regis-
trador debe estar y pasar por la apreciación del juez, según
ha sido resuelto por la Dirección General de los Registros de
España en 8 de marzo de 1892 y por esta Corte Suprema en los
casos de Ramos y Delgado, *supra.*

Por virtud de todo lo expuesto opinamos que debe confir-
marse la nota recurrida en cuanto al primero de los defectos
insubsanables y revocarse en cuanto al segundo de los defectos
insubsanables y al primero y segundo de los subsanables.

> *Confirmada la nota recurrida, en cuanto al*
> *primero de los defectos insubsanables, y*
> *revocada la misma en cuanto al segundo de*
> *los defectos insubsanables, y en cuanto al*
> *primero y segundo de los subsanables.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, Aldrey y Hutchison.